# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00128-MR-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| AARON CORNELIUS CORPENING, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* letter, received on January 27, 2017, which the Court construes as a motion. [Doc. 726].

The Defendant was sentenced on July 23, 2009, to a term of 100 months' imprisonment and three years of supervised release. [Doc. 254]. He was also ordered to pay court-appointed counsel fees. [Id. at 4]. On December 7, 2015, the Defendant was charged with violating the terms of his supervised release. [Doc. 691]. Attorney Dustin Dow was appointed to represent the Defendant for the supervised release revocation proceedings. [See Docket Entry dated March 9, 2016]. On April 19, 2016, the Court revoked the Defendant's supervised release and sentenced him to a term of 12 months' imprisonment. [Doc. 715]. The Judgment states that in all other

respects, the terms of the original Judgment [Doc. 254] remain in full force and effect, including the order for payment of court-appointed counsel fees, with there being a balance remaining in the amount of $3,745.58. [Id. at 3]. The Defendant did not appeal.

In his present letter, the Defendant asks the Court to assist him in contacting Mr. Dow so that the Defendant may file a motion to challenge the imposition of court-appointed counsel fees. [Doc. 726].

The Defendant's request must be denied. Upon the conclusion of the supervised release proceedings, Mr. Dow's representation of the Defendant came to an end. If the Defendant wishes to pursue any further action in this case, he must do so by filing a motion *pro se*. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).[1]

---

[1] The Court may, in some circumstances, appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 726], which the Court construes as a motion, is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: March 1, 2017

Martin Reidinger
United States District Judge